IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CHARZELLE MICHAEL DAVIS**                                            **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 4:24CV69-RP**

**COMMISSIONER OF SOCIAL SECURITY**                                         **DEFENDANT**

## OPINION AND JUDGMENT

Charzelle Michael Davis seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner of Social Security's decision finding that he is no longer disabled and terminating his supplement security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The undersigned held a hearing on March 19, 2025. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and should be affirmed.

### Procedural Background

The plaintiff was previously found to be disabled and was awarded supplemental security income due to an affective/mood disorder and a secondary diagnosis of attention deficit hyperactivity (ADHD) disorder. In a subsequent review of the plaintiff's case, the Commissioner determined at the initial and reconsideration levels that the plaintiff has shown medical improvement, is no longer disabled, and no longer qualifies for supplemental security income. The plaintiff then requested a hearing before an administrative law judge.

Over the course of several years, the Commissioner scheduled multiple administrative

hearings that the plaintiff was unable to attend. A final hearing was scheduled for February 14, 2024, and the notice thereof warned the plaintiff, "If you do not attend the hearing, I may dismiss your request for hearing, without further notice, unless I find that you have a good reason for not attending." After the plaintiff did not return the acknowledgment of receipt of the notice, the hearing office contacted the plaintiff by telephone, verified his contact information, and informed him of the scheduled in-person hearing. The plaintiff confirmed his understanding of the date, time, and place of the hearing. Another notice was sent to the plaintiff reminding him of the date, time, and place of the hearing and again warning him of the possible dismissal of his request for hearing if he does not attend. Before the hearing, a reminder notice was sent to the plaintiff yet again reminding him of the date, time, and place of the hearing, and yet again warning him of the possible dismissal of his request for hearing if he does not attend. Nonetheless, the plaintiff did not attend the hearing, and on February 21, 2024, the ALJ dismissed the plaintiff's request for hearing, finding there is no good cause for the plaintiff's failure to appear at the hearing.

Thereafter the plaintiff retained counsel, who requested Appeals Council review of the ALJ's dismissal order, stating the that reason the plaintiff missed the hearing is that his mother – his only form of transportation -- fell asleep after taking insulin for her diabetic condition and it took the plaintiff a while to wake her up. The Appeals Council denied the plaintiff's request for review, finding no reason under the applicable rules to review the ALJ's order of dismissal. The plaintiff now challenges the Appeals Council's denial of his request for review.

**Law and Analysis**

Under the applicable regulation, the Appeals Council will review a case at a party's request or on it own motion if –

    (1) There appears to be an abuse of discretion by the administrative law judge or administrative appeals judge who heard the case;

    (2) There is an error of law;

    (3) The action, findings or conclusions in the hearing decision or dismissal order are not supported by substantial evidence;

    (4) There is a broad policy or procedural issue that may affect the general public interest;

    (5) Subject to paragraph (b) of this section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision and there is a reasonable probability that the additional evidence would change the outcome of the decision.

20 C.F.R. § 416.1470(a). The Appeals Council's decision whether to review a case is discretionary. *Smith v. Berryhill,* 139 S.Ct. 1765, 1772, 204 L.Ed.2d 62 (2019).

    In the present case, the plaintiff argues that the Appeals Council should have reviewed the case pursuant to subparagraph (5) herein above because the information about the plaintiff's transportation issues on the day of the hearing constitutes additional evidence that is new, material, and relates to the period before the ALJ's dismissal order and there is a reasonable probability that the additional evidence would have resulted in the scheduling of another administrative hearing instead of a dismissal. However, by its own terms, subparagraph (5) is available as a basis for Appeals Council review when there has been a "hearing decision," of which there was none in the present case. The plaintiff's reliance on this provision is misplaced, and he makes no argument that Appeals Council review was warranted under any of the other provisions. Even if he had made such an argument, the court would disagree.

    As to subparagraph (1), no administrative law judge "heard the case," so there can be no finding of an abuse of discretion in that regard. As to subparagraph (2), no error of law is apparent from the record. As to subparagraph (3), the ALJ expressly considered the factors set forth in 20

3

C.F.R. § 416.1470(b)(2) in determining that the plaintiff lacked good cause for not appearing at the hearing, which conclusion is supported by substantial evidence.  As to subparagraph (4), there is no broad policy or procedural issue in this case that may affect the general public interest.  There being no basis for Appeals Council review, the Appeals Council did not abuse it discretion in denying the plaintiff's request for review of the ALJ's dismissal order.

For these reasons and for those announced on the record at the conclusion of oral argument, the court finds the Commissioner's decision is supported by substantial evidence, and it is AFFIRMED.

**SO ORDERED**, this the 19th day of March, 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE